IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LIFESTYLE VENTURES, LLC,** an Oregon Limited Liability Company, | 3:15-CV-01291-SB<br><br>ORDER |
| Plaintiff, | |
| v. | |
| **COUNTY OF CLACKAMAS, MICHAEL MCALLISTER, and REBECCA CENIGA,** individually and in their capacity as employees of the Clackamas County Planning Division, | |
| Defendants. | |

BROWN, Judge.

    Magistrate Judge Stacie Beckerman issued Findings and Recommendation (#34) on May 18, 2016, in which she recommends (1) the Court dismiss Plaintiff's First and Second Claims on Plaintiff's own Motion,[1] (2) deny as moot Defendants'

---

    [1] Plaintiff voluntarily withdrew its First and Second Claims as stated in its Opposition (#23) to Defendants' Motion to

1 - ORDER

Motion (#18) to Dismiss Plaintiff's Complaint for lack of jurisdiction,[2] and (3) grant in part and deny in part Defendants' Motion (#18) to Dismiss Plaintiff's Third and Fourth Claims for failure to state a claim.  Defendants filed timely Objections as to that part of the Findings and Recommendation in which the Magistrate Judge denied Defendants' Motion (#18) to Dismiss as to Plaintiff's Third Claim and granted Plaintiff leave to amend its Complaint as to its Fourth Claim.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

### DISCUSSION

In its Third Claim Plaintiff alleges Defendants violated

---

Dismiss.

[2] In a Status Report (#32) filed April 25, 2016, Plaintiff advised the Magistrate Judge that Plaintiff had dismissed its appeal to the Oregon Land Use Board of Appeals and that Defendants' Motion to Dismiss for lack of jurisdiction was now moot.  In correspondence to the Magistrate Judge, Defendants agreed with Plaintiff.

Plaintiff's right to equal protection under the United States Constitution and, as a result, Plaintiff seeks recovery pursuant to 42 U.S.C. § 1983.  In its Fourth Claim Plaintiff alleges common-law negligence in connection with Defendants' refusal to permit the development of a building lot (Lot 4200) in Clackamas County.  Defendants move to dismiss both of these claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that judicial estoppel bars Plaintiff's Third Claim and Plaintiff's allegations do not support its Fourth Claim for negligence.

    The development of Lot 4200 is at the heart of this dispute. Lot 4200 is located within the boundaries of a Special Flood Hazard Area (SFHA) in the Sandy/Salmon River Principal River Conservation Area.  The development of property within the SFHA depends in part on whether the property is in a regulated floodplain.  If property is below the Base Flood Elevation (BFE), it is within a regulated floodplain where a Floodplain Development Permit (FDP) is required for most developments. Plaintiff alleges Lot 4200 is above the BFE, and, therefore, Plaintiff is not required to obtain an FDP prior to development. In addition, Plaintiff contends Defendants violated Plaintiff's equal-protection rights by imposing requirements on Plaintiff that were not imposed on other developers, including Defendants' refusal to accept BFE certificates from professional land

surveyors showing Lot 4200 is above BFE and requiring Plaintiff to obtain an FDP despite the fact that Lot 4200 is above BFE according to those surveys.  Plaintiff also contends Defendants' conduct in improperly enforcing zoning regulations negligently caused a foreseeable risk of harm to Plaintiff.

The Magistrate Judge recommends this Court deny Defendants' Motion to Dismiss Plaintiff's Third Claim (brought under § 1983) on the ground that the statements made in other litigation by Kip O'Connor (the previous owner of Lot 4200 and principal of Plaintiff) to the effect that Lot 4200 is located within the regulated floodplain do not trigger judicial estoppel for the reasons set out below and, therefore, do not bar Plaintiff's Third Claim.  Defendants object to the Magistrate Judge's recommendation.

The Magistrate Judge also recommends the Court grant Defendants' Motion to Dismiss Plaintiff's Fourth Claim on the ground that a common-law negligence claim may not be based on intentional, willful, or malicious misconduct.  The Magistrate Judge, however, recommends this Court grant Plaintiff leave to amend its Fourth Claim for negligence to cure its pleading deficiencies.  Defendants object to the Magistrate Judge's recommendation to allow Plaintiff to amend its Fourth Claim on the ground that any amendment would be futile because Plaintiff's Fourth Claim is improperly based on the same operative facts as

4 - ORDER

Plaintiff's Third Claim brought under § 1983 regardless how Plaintiff's Fourth Claim is characterized.

## I.   Plaintiff's Third Claim

### A.   Judicial Estoppel

Defendants argue judicial estoppel bars Plaintiff's Third Claim in which Plaintiff contends Lot 4200 is not located within a regulated floodplain.  Defendants assert Kip O'Connor stated in *O'Connor v. County of Clackamas*[3] before District Court Judge Michael Simon that Lot 4200 is within a regulated floodplain and Judge Simon, in granting summary judgment for the defendant, agreed.  *See* Opin. and Order (#144)(issued by J. Simon on July 22, 2013).  Plaintiff, however, contends judicial estoppel does not apply because Plaintiff's allegations in its Complaint are not, in fact, inconsistent with O'Connor's statements in the other action.

The Magistrate Judge concluded even though the two factual allegations facially appear to contradict one another because Lot 4200 is apparently mapped as being in a regulated floodplain, both O'Connor and Plaintiff have consistently challenged the mapping of Lot 4200.  The Magistrate Judge pointed out that "the parties have been litigating for years the issue whether Lots 4200 and 4400 are appropriately mapped within a regulated

---

[3] The Magistrate Judge took judicial notice of the complaint in *O'Connor v. County of Clackamas*, No. 3:11-cv-01297-SI, 2013 WL 3818143 (D. Or. July 22, 2013).

5 - ORDER

floodplain." Thus, the Magistrate Judge concluded Plaintiff's position is not "clearly inconsistent" with O'Connor's position.

Judicial estoppel is an equitable doctrine that a court may invoke in its discretion to prevent a litigant from taking contradictory positions. *Ryan v. Editions Ltd. W., Inc.,* 786 F.3d 754, 763 (9th Cir. 2015). Although judicial estoppel generally "bars only inconsistent positions taken by the same party in two different matters," courts also have invoked the doctrine to bar parties who stand in privity to another litigant. *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC,* 692 F.3d 983, 996-998 (9th Cir. 2012).

In *New Hampshire v. Maine* the Supreme Court set forth a three-part analysis to determine whether judicial estoppel applies: (1) A party's later position must be "clearly inconsistent" with its earlier position; (2) whether the party succeeded in persuading the court in the earlier case to accept that party's earlier position, which would result in judicial acceptance of an inconsistent position in a later proceeding and create "the perception that either the first or the second court was misled"; and (3) whether the party seeking to assert an inconsistent position "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." 532 U.S 742, 750-51 (2001).

In this case Plaintiff alleges "Lot 4200 is above BFE" and

that Defendants "have failed and refused to accept . . . valid and accurate BFE certificates from licenses surveyors that Lot 4200 is above BFE, and therefore not in a floodplain or floodway."  Compl. At ¶¶ 10 and 33.  Similarly in *O'Connor v. County of Clackamas*, O'Connor alleged "Plaintiff verified the BFE information, by obtaining elevations (*sic*) certificates from professional land surveyors, which indicated the homes were buildable because they were to be located above the BFE." *O'Connor* Compl. at ¶ 24.

The Magistrate Judge ultimately declined to invoke judicial estoppel under these circumstances and concluded, as noted, that Plaintiff's "position in this case is not *clearly inconsistent* with O'Connor's position" in the earlier case (emphasis added), that Plaintiff "has not created a perception that [Plaintiff] is seeking to mislead this Court," and that Plaintiff "does not derive an unfair advantage by its pleading language."  The Magistrate Judge, accordingly, recommended this Court deny Defendants' Motion to Dismiss as to Plaintiff's Third Claim.

On this record the Court does not find any error in the Magistrate Judge's Findings and Recommendation and, accordingly, adopts the recommendation to deny Defendants' Motion to Dismiss Plaintiff's Third Claim on the ground of judicial estoppel.

    B.    **<u>Collateral Estoppel</u>**

In their Objections Defendants raise for the first time in

7 - ORDER

support of their Motion (#18) to Dismiss the applicability of collateral estoppel.  Defendants argue the court's earlier finding on summary judgment in the *O'Connor* case that Lot 4200 was within a regulated floodplain triggers collateral estoppel, which precludes relitigation of that issue in this case and thereby bars Plaintiff's claim.  Plaintiff contends the issue of collateral estoppel was not raised in Defendants' Motion; was not addressed by the Magistrate Judge in the Findings and Recommendation; and, therefore, should not be considered by this Court.

The Court agrees and concludes on this record that because the issue of collateral estoppel was not addressed to the Magistrate Judge, it is not appropriately before this Court.

## II.  Plaintiff's Fourth Claim

Defendants move to dismiss Plaintiff's Fourth Claim for negligence on the ground that Plaintiff has only alleged Defendants acted intentionally, willfully, and maliciously and has not alleged facts to support a claim that Defendants' conduct was negligent.  The Magistrate Judge agreed and recommends this Court dismiss Plaintiff's Fourth Claim for negligence without prejudice and grant Plaintiff leave to amend its Fourth Claim.

Defendants, however, object to the Magistrate Judge's recommendation that this Court grant Plaintiff leave to amend its Fourth Claim for negligence because that claim is based on the

same operative facts as Plaintiff's § 1983 claim, and, according to Defendants, the same operative facts cannot support both a claim for equal-protection violations and a claim for negligence. Defendants, however, acknowledge trial judges in this District have concluded "at the initial pleading stage a plaintiff may base claims of negligence under state law and claims of constitutional violations under 42 U.S.C. § 1983 on the same facts." *See, e.g.*, *Rodriguez v. City of Portland,* No. 3:09-cv-00850-KI, 209 WL 3518004, at *2 (D. Or. Oct. 21, 2009). Nevertheless, Defendants contend Plaintiff's reliance on the same operative facts for both Claim Three and Claim Four constitutes alternative pleading, and although alternative pleading applies when "neutral facts, capable of alternative interpretations, may be presented," it does not allow "the impermissible pleading of contradictory statements of fact."

    The Magistrate Judge, however, did not find Plaintiff pled contradictory statements of fact but merely concluded it was improper for Plaintiff to incorporate allegations of Defendants' intentional misconduct into its Fourth Claim for purposes of pleading a negligence claim.  The Magistrate Judge, therefore, recommended in the exercise of discretion under Federal Rule of Civil Procedure 15 that the Court allow Plaintiff to proceed at the pleading stage with its negligence claim.  This Court agrees.

    In summary, this Court has carefully considered Defendants'

9 - ORDER

Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Beckerman's Findings and Recommendation (#34) and, therefore, **GRANTS** Plaintiff's own Motion to Dismiss the First and Second Claims; **DENIES as moot** Defendants' Motion (#18) to Dismiss Plaintiff's Complaint for lack of jurisdiction; **DENIES** Defendants' Motion (#18) to Dismiss Plaintiff's Third Claim; **GRANTS without prejudice** Defendants' Motion (#18) to Dismiss Plaintiff's Fourth Claim; and **GRANTS** Plaintiff leave to amend its Complaint only as to the Fourth Claim for negligence by a date to be set by the Magistrate Judge.

IT IS SO ORDERED.

DATED this 4th day of August, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge