IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LIFESTYLE VENTURES, LLC, an Oregon Limited Liability Company,<br><br>          Plaintiff,<br><br>v.<br><br>COUNTY OF CLACKAMAS; MICHAEL MCALLISTER, and REBECCA CENIGA, individually and in their capacity as employees of the Clackamas County Planning Division,<br><br>          Defendants. | 3:15-CV-01291-SB<br><br>ORDER |

BROWN, Judge.

    Magistrate Judge Stacie Beckerman issued Findings and Recommendation (#51) on October 24, 2016, in which she recommends the Court deny Plaintiff's Motion (#30) for Leave to File Amended Complaint to add new claims relating to lot 4400 and allow Plaintiff to amend only its original negligence claim consistent with the Magistrate Judge's Findings and Recommendation issued

1 - ORDER

May 18, 2016. On November 6, 2016, Plaintiff filed timely Objections. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a).

## STANDARDS

In accordance with Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." A motion for leave to amend is a nondispositive motion that a magistrate judge may properly decide. *Seto v. Thielen*, 519 F. App'x 966, 969 (9th Cir. 2013). If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to the *de novo* review that is required for proposed findings and recommendations that address dispositive motions. 28 U.S.C. § 636(b)(1)(B).

Under Rule 72(a) the standard of review of a nondispositive order with objections is "clearly erroneous" or "contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A)(provides for the "clearly erroneous or contrary to law" standard of review for nondispositive motions). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Na Pali Haweo Community*

2 - ORDER

Case 3:15-cv-01291-SB    Document 56    Filed 01/26/17    Page 3 of 8

*Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008).

The magistrate judge's factual findings must be accepted unless "on the entire record" the court is "left with the definite and firm conviction that a mistake has been committed." *In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1076 (9th Cir. 2015)(citing *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

### DISCUSSION

Plaintiff moves for leave to amend its Complaint to add equal-protection and negligence claims relating to Defendants' refusal to allow development of Lot 4400 in the Liberty Lodge Subdivision in Rhododenron, Oregon. In its original Complaint Plaintiff alleged claims for violation of due process and equal protection under 41 U.S.C. § 1983 and common-law negligence against Defendants for their refusal to allow development of Lot 4200 in the same subdivision. Although the Court previously dismissed the original due-process and equal-protection claims, the Court granted Plaintiff leave to amend its negligence claim. *See* Order #46 (issued Aug. 4, 2016).

The Magistrate Judge recommends this Court deny Plaintiff's Motion on the grounds that "issue preclusion bars [Plaintiff's]

new Lot 4400 claims" and "amending the [C]omplaint to add the Lot 4400 claims is futile." The Magistrate Judge concludes the proposed claims relating to Lot 4400 have been fully litigated or could have been litigated in a prior action entitled *O'Connor v. City of Clackamas*, No. 3:11-cv-01297-SI, 2013 WL 3818143 (D. Or. July 22, 2013), aff'd, 627 F. App'x 670 (9th Cir. 2015), because Plaintiff stands in privity with the plaintiffs in *O'Connor,* and, therefore, Plaintiff's claims are barred by issue preclusion.

Plaintiff, however, contends (1) Defendants have not properly raised the affirmative defense of issue preclusion and (2) issue preclusion does not apply to these claims.

## I.  Defendants have properly raised the affirmative defense of issue preclusion.

Plaintiff contends in its Objections to the Findings and Recommendations, without citation to any supporting authority, that Defendants did not properly raise the affirmative defense of issue preclusion and may not assert it for the first time in their Response to Plaintiff's Motion for Leave to Amend. This issue was not before the Magistrate Judge.

Issue preclusion is an affirmative defense pursuant to Federal Rule of Civil Procedure 8(c)(1) that must be pled and proved by a defendant. In *Simmons v. Navaho County, Arizona,* however, the Ninth Circuit held even though Rule 8 requires affirmative defenses to be included in a responsive pleading, the district court has discretion to allow a defendant to plead an

4 - ORDER

affirmative defense in a subsequent motion. 609 F.3d 1011, 1023 (9th Cir. 2010)(citing *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984)("Our circuit liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading in *Healy Tibbitts Construction Co. v. Insurance Company of North America,* 679 F.2d 803, 804 (9th Cir. 1982).).″

As noted, on April 25, 2016, Plaintiff filed its Motion for Leave to File Amended Complaint and attached the proposed Amended Complaint in which Plaintiff raised claims related to Lot 4400 for the first time. In their Response to Plaintiff's Motion Defendants assert such claims are barred by issue preclusion because they were fully litigated in the prior *O'Connor* litigation, and, therefore, those claims are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

On this record the Court concludes Defendants properly raised issue preclusion in response to Plaintiff's Motion for Leave to Amend inasmuch as this was the first opportunity Defendants had to assert such a defense against the new claims raised in Plaintiff's proposed Amended Complaint.

**II. The Magistrate Judge applied the proper legal standard to determine Plaintiff's proposed claims were barred by issue preclusion and that amendment would be futile.**

Plaintiff contends the Magistrate Judge improperly found issue preclusion applies to Plaintiff's proposed Amended Complaint and, therefore, that Plaintiff's proposed amendments to

5 - ORDER

its Complaint would be futile.

### A. Issue Preclusion

Issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in prior litigation "even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 533 U.S. 880, 892 (2008). Issue preclusion exists if: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012).

The Magistrate Judge determined Plaintiff's proposed claims related to Lot 4400 are identical to the issues determined in the *O'Connor* litigation, and, therefore, Plaintiff is barred from litigating the same issue in this case.

### B. Amendment of Complaint

Whether to grant leave to amend is at the sound discretion of the court. *United Brotherhood of Carpenters and Joiners of Am. v. Bldg. and Constr. Dep't, AFL-CIO,* 770 F.3d 834, 845 (9th Cir. 2014). In making such a determination the court considers several factors, including the futility of the amendment. *United States v. Corinthian Coll.*, 655 F.3d 984, 995 (9th Cir. 2011). The "proper test to be applied when determining

the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)(citation omitted). *See also Gandhi v. Sitara Capital Mgmt., LLC.*, 721 F.3d 865, 869 (7th Cir. 2013)("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss.").

Because the Magistrate Judge concluded issue preclusion bars Plaintiff's proposed amendments, the Magistrate Judge properly found Plaintiff's proposed amendments to its Complaint would be futile.

As noted, the Magistrate Judge's determination of a nondispositive motion should be disturbed only if it is "clearly erroneous" or "contrary to law." A decision is "contrary to law" if it applies an incorrect legal standard or fails to consider an element of the applicable standard. This Court finds the Magistrate Judge properly considered the applicable standards.

In summary, this Court has carefully considered Plaintiff's Objections and concludes the Magistrate Judge's Findings and Recommendation are not clearly erroneous or contrary to law. Thus, Plaintiff's Objections do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record and does not find any error in

the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Beckerman's Findings and Recommendation (#51) and, accordingly, **DENIES** Plaintiff's Motion (#30) for Leave to File Amended Complaint to add new claims relating to Lot 4400. Consistent with this Court's Order (#46) issued August 4, 2016, adopting the Magistrate Judge's Findings and Recommendation (#34) issued May 18, 2016, the Court allows Plaintiff to amend its original negligence claim as to those parts that do not relate to Lot 4400 or due-process claims.

IT IS SO ORDERED.

DATED this 26th day of January, 2017.

ANNA J. BROWN
United States District Judge